**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02001-DDD-SP

THE KONG COMPANY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BOUNCE ENTERPRISES, LLC, a Delaware limited liability company,
KSP USA, LLC, a Colorado limited liability company, and
JOSEPH MARKHAM, an individual,

    Defendants.

**STIPULATED MOTION FOR PROTECTIVE ORDER**

Upon consideration of the parties' Stipulated Motion for Protective Order, and it appearing to the Court that sufficient cause exists under Fed. R. Civ. P. 26(c) for the issuance of Protective Order, it is hereby ORDERED that the following Protective Order shall apply as follows:

This Stipulated Protective Order (the "Protective Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-referenced litigation ("Discovery Materials").

    1.    The term "Party" or "Parties" shall refer to, either individually or collectively: (1) The KONG Company, LLC, (2) Bounce Enterprises, LLC, (3) KSP USA, LLC, and (4) Joseph Markham, in his individual capacity. For the purposes of this Protective Order, any reference to Bounce Enterprises, LLC (including any references to Party, Parties, Member, or Manager) shall mean Bounce Incorporated, as it existed as of July 1, 2022, and excludes any officers, directors,

managers, members, owners, affiliates, designees, agents, contractors and employees that were added after July 1, 2022. However, the following individuals and groups are included in any reference to Bounce Enterprises, LLC and may be given access to and view documents marked "Confidential" pursuant to this Protective Order upon execution of the Undertaking Regarding Protective Order attached as Exhibit A: (a) outside counsel for Central Garden & Pet Company ("Central"), specifically attorneys, paralegals, and staff at Baker Botts LLP; (b) Central's in-house counsel, George Yuhas; and (c) the following executives and/or employees of Central: Jon Balousek, Central's President of Corporate Development and Corrine Doran, Central's Vice President of Corporate Development (collectively, the "Central Representatives").

2. A Party, person, or entity that produces or discloses Discovery Materials in connection with this litigation is referred to herein as the "Disclosing Party."

3. A Party, person, or entity that receives Discovery Materials in connection with this litigation is referred to herein as the "Receiving Party."

4. Discovery Material designated "Confidential" is referred to herein as "Confidential Discovery Material."

5. Discovery Material designated as "Highly Confidential - Attorneys' Eyes Only" is referred to herein as "Highly Confidential Material."

6. All Discovery Material received by any Party, as well as all copies, excerpts, summaries or compilations thereof, whether or not designated as Confidential Discovery Material, shall be used solely for purposes of the pending lawsuits between the parties in this Court (collectively the "Action") and shall not and must not be used for any other business, commercial, or other purpose, or for other litigation, except by written agreement of the Parties.

7.      Any Disclosing or Receiving Party may, subject to this Protective Order, designate as "Confidential" any Discovery Material that the Disclosing or Receiving Party reasonably and in good faith believes contains: (1) any non-public trade secrets or other confidential research, development, or commercial information, or otherwise contains information that is non-public and proprietary or sensitive from a commercial or financial perspective; or (2) sensitive, non-public personal information concerning individuals or entities, including, but not limited to social security numbers, home telephone numbers and addresses, and tax returns.

8.      A Disclosing Party may designate Discovery Material as Confidential by affixing each page of the Confidential Discovery Material (in a manner that will not interfere with the legibility thereof) with a "CONFIDENTIAL" stamp, or, in the case of depositions, as set forth in paragraph 10 below. ESI designated as "Confidential" must be so designated by including this notice in the body of the electronic document or by affixing a stamp with this notice on the medium (including, but not limited to, tapes, CDs, DVDs, and flash drives) on which the electronic data is stored before copies are delivered to a Receiving Party. Print-outs of any ESI designated as Confidential Discovery Material must be treated as Confidential in accordance with this Protective Order.

9.      A Receiving Party may designate such Discovery Material as Confidential by providing notice to all parties and, if such Discovery Materials were produced by a third party, to the Disclosing Party and all parties, identifying the materials to be designated by production Bates number, or in the event the materials do not contain production Bates numbers, other information sufficient to identify the specific document, testimony, or other Discovery Material.

10. A Disclosing Party may designate as Highly Confidential - Attorney's Eyes Only ("Highly Confidential") any document or information (including discovery responses or portions thereof) that meet the definition of Confidential, *supra*, and also is highly sensitive such that if disclosed to persons other than outside counsel it would reveal significant current technical or business advantages of the Disclosing Party, which could reasonably be expected to result in injury to the Disclosing Party.  All such designations shall be made reasonably and in good faith, and the Parties acknowledge the designation should primarily be used for current or contemporaneous documents that would reflect on-going or future pricing or product strategies, or other sensitive technical or business information.  A document should not be designated Attorney's Eyes Only if the designation of Confidential would protect any Party's interest.  The Disclosing Party shall make such designation at the time of delivery of a copy of the document or information to the Receiving Party.  The designation Attorney's Eyes Only shall be made by stamping or writing the words "HIGHLY CONFIDENTIAL -ATTORNEY'S EYES ONLY" on the face of the copy of the document or information so designated in a manner so as not to obscure the contents of the document.  If Discovery Materials contain both Highly Confidential information and information that is not Highly Confidential, only the portions of the Discovery Materials that meet the definition of Highly Confidential shall be designated as such.

11. The designation of any Discovery Material as "Confidential" or "Highly Confidential" is not an admission by the Disclosing Party that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

12. This Protective Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine, and is without prejudice to any other party's right to contest any claim of privilege or protection.

13. The inadvertent production of any Discovery Material in this Action will be without prejudice to any claim that the material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material"), and no Party waives any claims or arguments under the inadvertent-production doctrine. If a Disclosing or Receiving Party believes that Privileged Material was inadvertently produced, that party may notify any Receiving Party of the claim and the basis for it. A Party must notify the Receiving Party or Parties of any claim that Privileged Material was inadvertently produced reasonably promptly after the party discovers the existence of such a claim. After receipt of this notice, each Party to whom the Privileged Material was produced must promptly return, sequester, or destroy the Privileged Material and any copies it has; must not use or disclose the information until the claim of privilege or protection is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may notify the Party asserting the privilege in writing whether it objects to the designation of the material as privileged or protected. Within seven calendar days of the receipt of an objection, the objecting Party and the Party asserting the privilege must meet and confer in an effort to resolve any disagreement regarding the claim of privilege. If the objecting Party and Party asserting the privilege cannot resolve their disagreement, the objecting party may, within 14 calendar days after meeting and conferring regarding the objection, present the **dispute** ~~information~~ to the Court

**pursuant to the Discovery-Dispute Practice Standard, but shall not submit documents for in camera review without prior permission from the Court** ~~under seal~~ for a determination of the claim of privilege or protection ~~in camera~~. Either Party may refer to the material in their submissions to the Court in support or in opposition of any claim of privilege, provided such references are filed under seal, **pursuant to the procedures required in D.C.COLO.LCivR 7.2 to seek leave to restrict.** While any application of this kind is pending, the Privileged Material subject to that application must be treated by the Receiving Party as privileged or protected until the Court rules. If the Court determines that the material is privileged or protected, the Receiving Party must immediately return or destroy the inadvertently disclosed Privileged Material and all copies of it. The Party claiming privilege has the burden of showing that the Discovery Material at issue is privileged or protected. Nothing in this Protective Order prevents any Party from objecting to the designation of any Discovery Material as privileged or protected, or from seeking further protection for any material it produces in discovery.

14.     If a Disclosing Party inadvertently discloses Confidential Discovery Material or Highly Confidential Material without proper designation, the Disclosing Party must inform the Receiving Party of the inadvertent disclosure within 14 days of its discovery. The Receiving Party must thereafter treat the information as Confidential Discovery Material or Highly Confidential Material. To the extent the information has been disclosed by the Receiving Party to anyone not authorized to receive such Material, the Receiving Party must make reasonable efforts to retrieve the information promptly and to avoid any further disclosure to anyone not authorized to receive Confidential Discovery Material or Highly Confidential Material. The Disclosing Party's failure to advise the Receiving Party of the inadvertent disclosure within 14 days after discovery is not a

waiver or admission by the Disclosing Party that the information is not Confidential or Highly Confidential.

15. A Party may, on the record of a deposition, or within 20 days after receipt of the transcript of the deposition, designate the deposition, in whole or in part, as "Confidential" or "Highly Confidential Material" under this Protective Order. Until this time period expires without any designation having been made, the entire deposition transcript and video (if applicable) must be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party. All copies of deposition transcripts that contain material designated as Confidential Discovery Material or Highly Confidential Material must be prominently marked as such on their covers, and the medium on which any deposition video that contains material designated as Confidential Discovery Material or Highly Confidential Material is stored (including, but not limited to, tapes, CDs, DVDs and flash drives) must be affixed with a "Confidential" or "Highly Confidential Material" stamp. Videos of depositions the transcript of which has been designated confidential are automatically considered Confidential Discovery Material. Objections to the designation of Material under this paragraph are governed by paragraph 19 below.

16. Except upon the prior written consent of the Disclosing Party, Confidential Discovery Material may not be disclosed or otherwise made available to anyone except the following persons:

    a. the Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

b. the Parties' in-house and outside counsel participating in the prosecution and defense of this Action and their legal, clerical, or support staff, including temporary or contract staff;

c. the named Parties in this Action (including officers, directors, managers, members, owners, and employees of the named Parties);

d. professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

e. persons who are indicated in Confidential Discovery Material or associated metadata to have been authors or recipients (including without limitation "bcc" recipients) of the Confidential Discovery Material;

f. expert witnesses or consultants who are employed or retained by a party;

g. deponents and witnesses or prospective witnesses (and counsel for the witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof, but a person identified solely in this subparagraph may not be permitted to retain copies of any Confidential Discovery Materials;

h. outside photocopying services, data-processing services, graphic-production services, litigation-support services, or investigators employed by the parties or their counsel to assist in this Action and computer personnel performing duties in relation to a computerized litigation system;

i. any mediator or arbitrator engaged by the named parties to the Action;

j.    any insurer who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment; and

k.    any other person upon order of the Court or stipulation of the named parties to the Action.

17.    Except upon the prior written consent of the Disclosing Party, Highly Confidential Material may not be disclosed, summarized, or otherwise made available to anyone except the following persons:

a.    the Court and court personnel, any appellate court in this Action, and jurors, prospective jurors, and alternate jurors in this Action;

b.    the Parties' in-house and outside counsel (excluding the Central Representative's counsel) participating in the prosecution and defense of this Action and their legal, clerical, or support staff, including temporary or contract staff;

c.    professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

d.    persons who are indicated in Highly Confidential or associated metadata to have been authors or recipients (including without limitation "bcc" recipients) of the Highly Confidential;

e.    expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of this action, if counsel, in good faith, requires their assistance in connection with this Action, and if any report created by the experts or consultants relying on or incorporating Highly Confidential in whole

   or in part is designated as "Highly Confidential" by the party responsible for its creation;

f. deponents and witnesses or prospective witnesses (and counsel for the witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof, but a person identified solely in this subparagraph may not be permitted to retain copies of any Confidential Discovery Materials or Highly Confidential;

g. outside photocopying services, data-processing services, graphic-production services, litigation-support services, or investigators employed by the parties or their counsel to assist in this Action and computer personnel performing duties in relation to a computerized litigation system;

h. any mediator or arbitrator engaged by the named parties to the Action;

i. any insurer who may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment; and

j. any other person upon order of the Court or stipulation of the named parties to the Action.

18. The terms "counsel," "expert," and "investigator" include their staff who are assigned to and reasonably necessary to assist the counsel, expert, or investigator in the preparation and prosecution of this litigation.

19. All persons to whom Confidential Discovery Material or Highly Confidential Material is disclosed under subparagraphs 14(f), (g), (h) or 15 (e), (f) or (g) as applicable above

must, before disclosure, be advised of the contents of this Protective Order. All persons to whom Confidential Discovery Material is disclosed solely under subparagraph 14(f) or 15(e) must execute the Undertaking Regarding Protective Order, in the form attached as Exhibit A, evidencing their agreement to the terms of the Protective Order, in the form attached as Exhibit A. The Undertaking Regarding Protective Order shall not be shared with the Disclosing Party (or other Party) during the pendency of the action but shall be available for an *in camera* inspection by the Court if good cause for review is demonstrated by the Disclosing Party (or other Party), or if the Court otherwise requests.

20. If, at any time, any Receiving Party is served with a subpoena or other request calling for Discovery Materials with which it has an obligation to comply by any court, administrative or legislative body, or other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, must promptly give written notice to the Disclosing Party and include with the notice a copy of the subpoena or request. The person to whom the subpoena is directed must also make reasonable, good-faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash or object to the subpoena or request, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena or request. In no event may Discovery Materials subject to this Protective Order be produced by a person receiving a subpoena or request without providing the Disclosing Party a reasonable opportunity to quash or object, absent a court order to do so.

21. No party is obligated to challenge the propriety of a designation of Discovery Materials as Confidential or Highly Confidential when initially received, and a failure to do so will

not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Discovery Materials as Confidential or Highly Confidential under this Protective Order, the objecting party must notify the party asserting confidentiality in writing of each particular document bearing a designation to which it objects, or categories of documents if more expedient, and shall specify the reason(s) for the objection. Within seven calendar days of the receipt of this notification, counsel for the party asserting confidentiality and the objecting party must meet-and-confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Materials as Confidential or Highly Confidential. If, for whatever reason, the parties do not resolve their disagreement within that time period, the objecting party may apply to the Court **pursuant to the Discovery Dispute Practice Standard** within 14 calendar days from the date of meeting and conferring for a ruling on the designation of the Discovery Materials as Confidential or Highly Confidential. The party asserting confidentiality has the burden of showing that the document or information is Confidential or Highly Confidential. While any application of this kind is pending, the documents or materials subject to that application must be treated as designated until the Court rules. Nothing in this Protective Order prevents any party from objecting to the designation of any documents as Confidential or Highly Confidential or from seeking further protection for any material it produces in discovery.

22.     Any Confidential or Highly Confidential Discovery Material that is filed with the Court shall be filed under seal in accordance with the Court's rules and procedures, **including D.C.COLO.LCivR 7.2**, and shall remain under seal until further order of the Court. The filing party shall be responsible for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. All

materials filed under seal will be available to the Court and to counsel for the parties for viewing and copying. Filing a document under seal is without prejudice to any party's right to argue to the Court that the document is not Confidential or Highly Confidential Material and need not be preserved under seal. Redacted pages must be filed in the public record.

23. After the termination of the Action (including all appeals relating to the Action having been exhausted or the time to appeal having expired), this Protective Order will continue to be binding upon the Parties hereto, and upon all persons to whom Confidential Discovery Material or Highly Confidential Material has been disclosed or communicated, and this Court will retain jurisdiction over the parties for enforcement of its provisions.

24. Within 30 days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the parties must take commercially reasonable efforts to see that all Confidential Discovery Material or Highly Confidential Material and copies are either: (a) destroyed, and the Receiving Party must provide the Disclosing Party with a certification stating that the Disclosing Party's Confidential Discovery Material or Highly Confidential Material has been destroyed; or (b) returned by the Receiving Party to the Disclosing Party. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Confidential Discovery Material or Highly Confidential Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Discovery Material. Confidential Discovery Material or Highly Confidential Material on backup storage media must

continue to be treated in accordance with the Protective Order. As to those materials containing Confidential Discovery Material or Highly Confidential Material that constitute counsel's work product or emails, were served in the Action, filed with the Court, or marked as trial exhibits, counsel may retain these documents if counsel otherwise complies with this Protective Order with respect to the retained material. Nothing in this Protective Order is to be interpreted in a manner that would require any party to violate any duty or obligation that it has under law to preserve documents or other materials, or that would violate any applicable canons of ethics or codes of professional responsibility.  Notwithstanding the foregoing, the Members and Managers of KONG shall be permitted to retain KONG Discovery Materials for the purpose of managing the business and commercial interests of KONG so long as each such Member of KONG remains a Member and each such Manager remains a Manager.

25. Each party must, through counsel, promptly advise the Disclosing Party of any losses or compromises of the Confidentiality of the Confidential Discovery Material or Highly Confidential Material governed by this Protective Order. The party that lost or compromised the Confidential Discovery Material or Highly Confidential Material of the Disclosing Party must take reasonable measures to limit the loss or unauthorized disclosure.

26. Nothing in this Protective Order limits any Disclosing Party's use or disclosure of its own documents, materials, or information that has been designated as Confidential or Highly Confidential under this Protective Order.

27. In addition, nothing in this Protective Order prevents or in any way limits disclosure, use, or dissemination of any documents, information, or material that:

   a. was, is, or becomes public knowledge, not in breach of this Protective Order; or

b. is acquired or learned by a Party from a non-party or other source having the right to disclose the documents, information, or material.

28. This Protective Order does not affect or limit in any way the admissibility or use of any document, testimony, or other evidence at trial or a hearing of this Action, or prejudice or limit in any way the rights of any party to object to the authenticity, admissibility into evidence, or use of any document, testimony, or other evidence at trial or a hearing.

29. This Protective Order does not prevent any Party from applying to the Court for further or additional protective orders or for the modification of this Protective Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

30. The Parties agree to be bound by this Protective Order pending its entry by the Court. This Protective Order applies to all Discovery Material produced in the Action, whether produced before or after the entry of this Protective Order and whether produced by a party or non-party to the Action.

31. This Protective Order is governed by, interpreted under, and construed and enforced in accordance with Colorado law, without regard to any conflicts of law principles of any other State. Any dispute between the parties regarding this Protective Order will be resolved by making an appropriate application to this Court in accordance with its Rules.

SO ORDERED this 2nd day of June, 2023.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

APPROVED:

*/s/ Joseph C. Daniels*
Joseph C. Daniels
SHERMAN & HOWARD L.L.C.
675 Fifteenth Street, Suite 2300
Denver, CO 80202
(303) 297-2900
*Counsel for Plaintiff*

*/s/ William F. Jones*
William F. Jones
Joseph W. Mark
MOYE WHITE
1400 Sixteenth Street, 6th Floor
Denver, CO 80202
(303) 292-2900
*Counsel for Defendants*

*/s/ Carolyn Juarez*
Carolyn Juarez
NEUGEBOREN O'DOWD
726 Front Street, Suite 220
Louisville, Colorado 80027
(720) 536-4900
*Counsel for Defendants*

LITIGATION/4334489.1

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02001-DDD-SP

THE KONG COMPANY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BOUNCE ENTERPRISES, LLC, a Delaware limited liability company,
KSP USA, LLC, a Colorado limited liability company, and
JOSEPH MARKHAM, an individual,

    Defendants.

### UNDERTAKING REGARDING PROTECTIVE ORDER

1. I, _____, declare that:

2. I have received a copy of the Protective Order, entered on _____ (the "Protective Order") in the action entitled *The KONG Company, LLC v. Bounce Enterprises, LLC et al.*, Case No. 22-cv-02001, and I have read and understand its provisions.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not use for purposes other than for this Action any information designated "Confidential" or Highly Confidential Material that I receive in this Action, except as otherwise permitted under the Protective Order.

4. For purposes of enforcing the Protective Order, I consent to the jurisdiction of the United States District Court for the District of Colorado.

_____
Signature

_____
Name

_____
Date