IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-02001-DDD-SBP

THE KONG COMPANY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BOUNCE ENTERPRISES, LLC, a Delaware limited liability company,
KSP USA, LLC, a Colorado limited liability company, and
JOSEPH MARKHAM, an individual

    Defendants.

### THE BOUNCE PARTIES' RESPONSE TO THE KONG COMPANY, LLC'S MOTION FOR LEAVE TO FILE A REPLY AND/OR SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION IN LIMINE REGARDING THE LATER-ISSUED PATENTS (DOC. NO. 128)

Defendants Bounce Enterprises, LLC ("Bounce"), KSP USA, LLC ("KSP") and Joseph Markham ("Markham") (together, the "Bounce Parties") respectfully oppose The KONG Company, LLC's ("KONG") Motion for Leave to File a Reply and/or Supplemental Briefing in Support of its Motion in Limine Regarding the Later-Issued Patents (the "Motion").

The only thing that changed between the date of the Final Pretrial Conference (January 21, 2026) and KONG's Motion (February 11, 2026) is the Bounce Parties' February 3 and 4, 2026, production of updated KSP revenue information for the time period from January 1, 2024, through

January 28, 2026.[1] The production consisted of fourteen documents totaling twenty-five pages. Three of the documents are summary spreadsheets updating KSP post-2023 revenue numbers by product, including for versions of the Accused Product. The remainder are updated profit and loss statements and backup invoices for the summary spreadsheets.

With the production, the Bounce Parties offered KONG the opportunity to depose a witness on the updated KSP revenue calculations and documents. In lieu of a deposition, KONG requested that the Bounce Parties stipulate to revenue totals by Accused Product version and by year—a total of nine stipulations. After reviewing the proposed stipulations and twice correcting KONG's calculations (both times in KONG's favor by increasing the total revenue calculations), KONG and the Bounce Parties agreed to stipulate to each. KSP's total revenue from sales of the Accused Product from January 1, 2024, through January 28, 2026, was $145,044.04.[2]

Not content to enter the revenue stipulations, which obviate the need for KONG to spend trial time establishing KSP's post-2023 sales of the Accused Product, KONG uses the Bounce Parties' production of updated revenue information as an avenue to reargue its Motion in Limine (or that it should be able to reargue it through submission of a reply brief). Essentially, KONG wants to leverage the Bounce Parties' *compliance* with discovery obligations to renew KONG's efforts to exclude the later-issued patents. KONG's Motion is based on questionable logic and an attenuated connection to the Bounce Parties' willfulness defenses.

---

[1] The Bounce Parties previously produced information regarding KSP's sales of the Accused Product through December 31, 2023.

[2] The Bounce Parties did not request a stipulation from KONG regarding calculations of product-associated costs to deduct from revenue, which the Bounce Parties have the burden to establish at trial.

KONG's Motion boils down to the same argument already briefed by the parties and presented by KONG at length at the Final Pretrial Conference. Doc. Nos. 128, 143. In its Motion, KONG again assumes that Mr. Markham's actions in selling the Accused Product after 2023 were necessarily predicated on "advice of counsel." As the Court noted at the Final Pretrial Conference, KONG may ask Mr. Markham at trial the reasons why KSP believed it did not infringe the 'D562 Patent. Similarly, KONG may also ask Mr. Markham at trial the reasons why KSP sold the Accused Product after 2023. Production of the updated revenue information changes nothing.

KONG concedes that it is well aware that KSP has been selling the Accused Product. Doc. No. 6 at n.1. Indeed, KONG's President, Kathy Decker, testified on September 3, 2025, at the state court trial in *Bounce Enterprises LLC v. The KONG Company, LLC et al*. (Case No. 2022CV032193), that she knew that KSP was selling the Accused Product. And KONG disclosed Exhibit 97 on its exhibit list, which contains screenshots from KSP's PetKORE website showing sales listings for the Accused Product. *See* Doc. No. 146.

To the extent KONG is arguing that the Bounce Parties' disclosure of KSP's updated revenue information improperly deprived KONG of the opportunity to inquire as to "why" KSP decided to sell the Accused Product in 2024, KONG overlooks that it:

- Had the opportunity to inquire into KSP's future plans for selling the Accused Product during the Rule 30(b)(6) depositions of the Bounce's and KSP's corporate representatives on February 22, 2024, but did not;

- Asked about KSP's plans for future sales of a "New Ball" (as contrasted with the ProBall Accused Product) during the individual deposition of Scott Fullmer, a KSP strategic advisor, on March 21, 2024;

- Asked Mr. Markham about his non-retained expert opinion that the Accused Product does not infringe the 'D562 Patent at his individual deposition on May 2, 2024 (and Mr. Markham did not testify that he formed an opinion based on "advice of counsel");

3

- Deposed Mr. Markham in his individual capacity on April 3, 2025, in the State Court Case about KSP's PetKORE-branded business activities (which include sales of the Accused Product), but did not explore those activities beyond conclusory questions about "competition" with KONG; and

- Declined the opportunity to take a brief Rule 30(b)(6) deposition on the updated revenue production.

Finally, KONG's Motion appears to contain substantive argument in support of its Motion in Limine, rather than merely requesting *leave* to file a reply.[3] Accordingly, the Bounce Parties draw the Court's attention to *Range of Motion Prods., LLC v. Armaid Co. Inc.*, __ F. 4th __, 2026 WL 261890 (Fed. Cir. Feb. 2, 2026) ("*RoM*").[4] In *RoM*, Federal Circuit affirmed the district court's summary judgment of noninfringement of a design patent covering a "Body Massaging Apparatus," concluding that no reasonable juror could find the Armaid accused product's design substantially similar to the RoM patented design once functional features were properly excluded. The Federal Circuit reviewed claim construction *de novo* and determined that the district court did not err in construing the design patent claim to identify the functional versus the ornamental aspects of the arms of the massage apparatus. Applying the ordinary observer test as articulated in *Egyptian Goddess v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008), the majority found that several prominent features of the claimed design, most notably the clam shaped arms, were functional. In making this determination, the Court considered, among other evidence, the accused infringer's own utility patent claiming similar features. *RoM*, 2026 WL 261890, at *3.

---

[3] If the Court grants KONG's Motion and permits KONG to file a reply in support of its Motion in Limine, the Bounce Parties request leave to file a surreply.

[4] The Bounce Parties provided a Notice of Supplemental Authority to the Court on February 16, 2026. Doc. No. 150.

4

In view of *RoM*, Bounce's later-issued patents are relevant—not only to willfulness and Mr. Markham's subjective belief that the Accused Product does not infringe the 'D562 Patent—but also to apply a proper infringement analysis that excludes the functional interconnected channels from the claimed design. *See RoM*, 2026 WL 261890.

Accordingly, the Court should deny KONG's Motion and, to the extent that KONG's Motion constitutes a substantive reply brief in support of its Motion in Limine, deny the Motion in Limine.

DATED: February 16, 2026

Respectfully submitted,

By: /s/ Carolyn Juarez
Carolyn Juarez
Emma Harty
**NOD LAW PC**
726 Front St., Ste. 220
Louisville, Colorado 80027
Telephone:   (720) 536-4900
Facsimile:    (720) 536-4910
carolyn@nod-law.com
emma@nod-law.com

**FENNEMORE CRAIG P.C.**
Allison M. Hester
3615 Delgany Street, Suite 1100
Denver, CO 80216
Phone: (303) 292-2900
ahester@fennemorelaw.com

**LATHROP GPM LLP**
William F. Jones
Patrick J. Hickey
Joseph W. Mark
675 15th Street, Suite 2650
Denver, CO 80202
Phone: (720) 931-3200
billy.jones@lathropgpm.com
patrick.hickey@lathropgpm.com

joey.mark@lathropgpm.com

*Attorneys for Defendants Bounce Enterprises, LLC; KSP USA, LLC, and Joseph Markham*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2026, I electronically filed the foregoing **THE BOUNCE PARTIES' RESPONSE TO THE KONG COMPANY LLC'S MOTION FOR LEAVE TO FILE A REPLY AND/OR SUPPLEMENTAL BRIEFINGF IN SUPPORT OF ITS MOTION IN LIMINE REGARDING THE LATER-ISSUED PATENTS** via the CM/ECF system.

*/s/ Carolyn Juarez*
Carolyn Juarez
NOD Law PC
726 Front St., Ste. 220
Louisville, CO 80027
Telephone:    (720) 536-4900
Facsimile:    (720) 536-4910
E-Mail:    carolyn@nod-law.com

6